CASEBEER ET AL. *v.* SMITH.

[No. 12,183. Filed March 31, 1925. Rehearing denied May 31, 1925.]

MASTER AND SERVANT.—*Award for burial expenses is erroneous when employer has paid $100 thereon.*—Where an employer following the death of an employee from accidental injury in the employment, paid $100 toward the funeral expenses, an award to dependents of that amount for burial expenses is contrary to law.

From Industrial Board of Indiana.

Application for compensation under the Workmen's Compensation Act by Katherine Smith and husband against Edgar Casebeer and others. From an award for the named claimant, the defendants appeal. *Affirmed conditionally.* By the second division.

*John Rynerson* and *Joseph W. Hutchinson,* for appellants.

*Slinkard & Slinkard,* for appellee.

McMAHAN, J.—Appellants have appealed from an award of the Industrial Board allowing appellee com-

pensation as a dependent of her son who died as a result of a compensable injury received by him while in the employ of appellant Casebeer. Following the injury, the employer and the injured employee entered into an agreement for compensation which was approved by the Industrial Board. Compensation under this agreement was paid up to the time when appellee died as a result of the injury. The employer paid all doctor and hospital expenses and $100 towards the burial expenses.

After the employee died, his father and mother filed their application for compensation. The board refused the father compensation, but made an award allowing appellee, the mother, compensation as the sole dependent of the deceased employee. At the time of her son's death, appellee was forty-three years old. Her husband and father of the deceased employee was seventy-one years old. They, with their children, resided on a farm, forty acres of which was owned by the father and thirty-two acres on which the home was located belonged to the mother. The father had not been able to do much work for two or three years prior to the son's death. This son was twenty years and two months old when he died, and for a year or more had done practically all the work connected with the farm. He worked for others during part of the time and the money earned by him, except what he used to buy clothing for himself, was turned over to his mother and father to help pay the family needs. He was industrious, but no witness testified as to the value of the work he did on the farm, and the evidence is not clear and satisfactory as to the amount he earned when working away from home the last year, but it is sufficient to sustain the finding that he paid $6 a week toward the support of the family. There were four other children

in the family, one, a daughter, older than the deceased, the others being several years younger than he.

The board found the mother was the sole dependent, that, she had received $6 per week from him for her support and awarded her compensation at the rate of $3.30 per week, and $100 for burial expenses.

Appellants contend that the evidence is not sufficient to sustain the award. In support of this contention, appellants say the evidence shows that appellee was not the sole dependent; that it is not sufficient to sustain the finding as to the amount paid the mother; that the evidence without dispute shows that, prior to the filing of the claim for compensation, appellants had paid the full amount for burial expenses allowable under the statute.

We are at a loss to understand how, under the evidence, the board found the father was not a dependent, and the mother was, and that she was the sole dependent. But so long as none of the other dependents are complaining, and claiming compensation, appellants are not harmed and, in our opinion, are not, under the evidence in this particular case, in a position to complain.

Appellants having paid the full amount which, under the law, they can be required to pay for burial purpose, the award of $100 for burial expenses is contrary to law and cannot be sustained.

The award is affirmed on condition that appellee will, within thirty days, file with the clerk of this court a certificate from the Secretary of the Industrial Board showing a remittitur of the $100 allowed for burial expenses, and the five per cent. penalty allowed on affirmance. If such certificate is not so filed, the award will be reversed.